Theodore M. Roe, OSB No. 991004
tedr@veritasbusinesslaw.com
PO Box 82657
Portland, Oregon 97282
Telephone:    (503) 207-0205
Facsimile:    (503) 207-0206

    Of Attorneys for Defendant
    Randy L L Corporation

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **NADIA ROBERTS, an individual,**<br><br>               Plaintiff,<br><br>     v.<br><br>**RANDY L L CORPORATION, an Oregon Corporation,**<br><br>               Defendant. | Case No. **3:24-CV-00523-HZ**<br><br>**DEFENDANT'S MEMORANDUM SUPPORTING MOTIONS TO COMPEL DISCOVERY** |

### STATEMENT OF CASE

This is a case in which Plaintiff brought a multitude of meritless claims against Defendant for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 *et seq.* and its implementing regulations, the ADA's Accessibility Guidelines, 28 C.F. R. Part 36 ("ADAAG").

Plaintiff has failed to provide the initial disclosures as required by Fed. R. Civ. P. 26.

In response to Defendant's First Request for Production of Documents, Plaintiff and Plaintiff's counsel provided (despite Plaintiff's counsel's assurance that documents would be forthcoming) a bad faith response which asserted meritless objections, solely made in an effort to prejudice the Defendant.

To date, Plaintiff has provided no discovery whatsoever.

The matter is before the Court on Defendant's discovery motions to compel Plaintiff to comply with federal discovery rules and to order Plaintiff to reimburse Defendant for its reasonable attorney fees and expenses incurred on discovery motions.

## ARGUMENT

Plaintiff's theory of the case is that Defendant violated the ADA and ADAAG. Defendant is pursuing discovery to develop evidence that Plaintiff's claims are barred and/or meritless.

FRCP 26(b)(1) provides generally that:

> "[p]arties may obtain discovery regarding any matter, not privileged, which relates to the claim or defense of … any … party, including the existence , description and location of any books, documents, or to other tangible things and the identity of location of persons having knowledge of any discoverable matter."

Incomplete or evasive responses must be treated as a failure to respond, admit or produce. FRCP 37(a)(3).

Defendant submits that on each of its discovery motions the information sought is discoverable under FRCP 26(b)(1). Defendant further submits that attorney fees are warranted because conferral occurred, refusal to make discovery was not substantially

justified or other circumstances do not exist that would make an award unjust. FRCP 37(4)(A).

FRCP 34C provides that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." However, Plaintiff has made generic and often nonsensical objections to every single request but not stated whether documents are being withheld on the basis of her bad faith objections, in violation of FRCP 34C.

Plaintiff and Plaintiff's counsel's assertions of meritless objections and a refusal to produce any discovery whatsoever does not comply with FRCP 11, 26, 34 and/or 37 or settled caselaw, requiring production of discoverable documents and information.

In *Land v. Denny's, Inc.*, 133 F.3d 927 (9th Cir. 1997) the court affirmed the district court when it dismissed the action under FRCP 41(b) for the offending party's failure to prosecute and failure to comply with Local Rules, and awarded FRCP 37(d) monetary sanctions against the offending party and their attorney for failure to attend depositions and produce documents."

In *Hilao v. Estate of Marcos*, 103 F.3d 762, 767 (9th Cir. 1996), the court found that a party's failure to produce documents correctly resulted in sanctions under Rule 37.

In *In re Phenylpropanolamine (Ppa) Products*, 460 F.3d 1217, 1243 (9th Cir. 2006) the court held that "the text of Fed. R.Civ.P. 37(b)(2) gives notice that dismissal is a possible sanction for failure to obey discovery orders…."

In *Dunn v. Trans World Airlines, Inc.*, 589 F.2d 408 (9th Cir. 1978), the court considered the question of whether the trial judge abused his discretion in not dismissing the action for failure to produce documents. The 9th Circuit, in finding that the district

court did not error in not dismissing the action, held that "[t]he sanctions available to a trial judge under Fed.R.Civ.P. are discretionary and the imposition of such sanctions will not be reversed unless there has been an abuse of discretion." *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 993 (8th Cir. 1975)." The court further found that "… the district judge did not abuse his discretion in not imposing any sanctions for plaintiff's failure to produce medical records which were no longer in existence. Where the failure to comply with a discovery order is due to inability, and not to willfulness, bad faith, or any fault of a party, the claim of that party should not be dismissed."

However, unlike the facts in *Dunn*, the present Plaintiff has, in bad faith, objected to every single discovery request in Defendant's 1st RFP and has refused to produce any documents. Consequently, Plaintiff and Plaintiff's counsel's failure to comply with discovery is due to their willfulness, bad faith, and/or fault, such that the should be ordered to produce the requested documents and if such documents continued to not be produced in violation of that order an appropriate sanction would be the dismissal of the present action and the imposition of sanctions against Plaintiff and Plaintiff's counsel.

Further, despite the plain reading of FRCP 26, Plaintiff has failed to provide any initial disclosures. Consequently, Defendant requests an order compelling Plaintiff's compliance with the rules.

PLAINTIFF'S MERITLESS OBJECTIONS

Requests 1-37

While Defendant has requested documents in conjunction with Requests 1-37 that relate directly to the Plaintiff's allegations contained in her complaint, Plaintiff and Plaintiff's counsel has seen fit to object to each with the identical objection, i.e.,

"Objection, This request is overly broad, unduly burdensome, vague and not reasonably calculated to lead to discovery of information related to any claim(s) or defense. Further, this request is an improper contention and calls for a legal conclusion."

The Requests are not overly broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of information related to any claim(s) or defense, for the Defendant to request documents that concern, refer or relate to the Plaintiff's own allegations. To suggest otherwise strains credulity. Consequently, despite Defendant's invitation to amend Plaintiff's response and produce documents, Plaintiff and Plaintiff's counsel has refused to do so.

Requests 38-54

With regard to Defendant's requests 38-54, Plaintiff again makes essentially the same meritless objections to each, i.e., "Objection, This request is overly broad, unduly burdensome, vague and not reasonably calculated to lead to discovery of information related to any claim(s) or defense. Additionally, this is protected by the attorney-client privilege and the work product doctrine." Plaintiff's objections are meritless with regard to each as follows:

Request 38: This request seeks documents that concern, refer or relate to statements made by any person having information or knowledge relating in any way to the allegations in Plaintiff's complaint. This request is by definition not overly broad, unduly burdensome, vague and reasonably calculated to lead to discovery of information related to any claim(s) or defense. Further, Defendant is aware that Plaintiff has likely been communicating with attorneys not licensing in Oregon relating to her claims against

Defendant. Consequently, Plaintiff's response that she is the only person with such knowledge is objectively untrue.

Request 39: This request seeks documents constituting statements that Plaintiff has obtained or been provided concerning this action or its subject matter. Again, by definition this request is not, overly broad, unduly burdensome, vague and reasonably calculated to lead to discovery of information related to any claim(s) or defense. Further, Plaintiff's objection that responsive documents are protected by attorney-client privilege and the work product doctrine, ignores the first paragraph of the instructions of the Defendant's RFP, i.e., "All such demands do not seek attorney-client privileged material." What's more, communications with attorneys who are not licensed in Oregon are not afforded protection under attorney-client privilege and the work product doctrine.

Further, Plaintiff's assertions of attorney client privilege or work product without providing a log does not comply with FRCP 26 (b)(5), or settled caselaw, requiring specific identification, and probably waives any privilege. *Eureka Financial v. Hartford Acc. & Indem.*, 136 F.R.D. 179, 181-86 (E.D. Cal. 1991) (ordering production of documents and imposing sanctions on ground that party asserting privilege waived objections by not making specific assertions). S*ee, also, Clarke v. American Commerce Nat. Bank*, 974 F.2d 127 (9th Cir. 1992) (blanket assertions extremely disfavored; privilege ordinarily must be raised as to each communication to allow court to rule with required specificity).

Request 40: This request seeks documents related to Plaintiff's claims where she has alleged violations under the ADA. Plaintiff again included her cookie cutter objections and again, by definition Defendant's Request is not, overly broad, unduly

burdensome, vague and reasonably calculated to lead to discovery of information related to any claim(s) or defense.  Further, Plaintiff's objection that responsive documents are protected by attorney-client privilege and the work product doctrine, fails to comply with FRCP 26 (b)(5).

Request 41: This request seeks documents related to any investigation of the Defendant and/or the premises located at 5322 SE 82nd Avenue, Portland, OR 97266 as related to the allegations contained in the complaint.  Again Plaintiff included her generic objections and again, by definition this request is not, overly broad, unduly burdensome, vague and reasonably calculated to lead to discovery of information related to any claim(s) or defense.  Further, Plaintiff's objection that responsive documents are protected by attorney-client privilege and the work product doctrine, fails to comply with FRCP 26 (b)(5).

Request 42: This request seeks the complaint and answer of all lawsuits in which Plaintiff has filed a claim under the ADA or to which she was a party. Again Plaintiff included her generic objections and again, by definition this request is not, overly broad, unduly burdensome, vague and reasonably calculated to lead to discovery of information related to any claim(s) or defense.  Further, Plaintiff's objection on the basis that the information sought is available via PACER.  However, it is well settled law that a party's access to responsive documents does not abrogate the Plaintiff's obligation to produce such documents.

Request 43: This request seeks documents related to any communication between Plaintiff and Defendant. Again Plaintiff included her generic objections and again, by definition this request is not, overly broad, unduly burdensome, vague and reasonably

calculated to lead to discovery of information related to any claim(s) or defense. Further, Plaintiff's objection that responsive documents are protected by attorney-client privilege and the work product doctrine, fails to comply with FRCP 26 (b)(5).

Request 44: This request seeks documents related to any communications between Plaintiff and anyone other than Defendant related to Defendant. Again Plaintiff included her generic objections and again, by definition this request is not, overly broad, unduly burdensome, vague and reasonably calculated to lead to discovery of information related to any claim(s) or defense. Further, Plaintiff's objection that responsive documents are protected by attorney-client privilege and the work product doctrine, fails to comply with FRCP 26 (b)(5).

Request 45: This request seeks documents related to any compensation that the Plaintiff has received relating to her allegations of violations of the ADA from January 1, 2014 to the present. Again Plaintiff included her generic objections and again, by definition this request is not, overly broad, unduly burdensome, vague and reasonably calculated to lead to discovery of information related to any claim(s) or defense. Further, Plaintiff's objection that responsive documents are protected by attorney-client privilege and the work product doctrine, fails to comply with FRCP 26 (b)(5).

Request 46: This request seeks the documents related to all diary, journal and calendar entries made or maintained by Plaintiff relating to the factual allegations set forth in the Plaintiff's Complaint. Again Plaintiff included her generic objections and again, by definition this request is not, overly broad, unduly burdensome, vague and reasonably calculated to lead to discovery of information related to any claim(s) or defense. Further, Plaintiff's objection that responsive documents are protected by

attorney-client privilege and the work product doctrine, fails to comply with FRCP 26 (b)(5).

        <u>Request 47</u>: This request seeks the documents related to Plaintiff's social media activity relating to Defendant. Again Plaintiff included her generic objections and again, by definition this request is not, overly broad, unduly burdensome, vague and reasonably calculated to lead to discovery of information related to any claim(s) or defense. Responsive documents are directly related to Plaintiff's allegations and should be ordered to be produced.

        <u>Request 48</u>: This request seeks the documents related to Plaintiff's social media activity relating to Plaintiff's other threats of legal proceedings relating to alleged violations of the ADA. Again Plaintiff included her generic objections and again, by definition this request is not, overly broad, unduly burdensome, vague and reasonably calculated to lead to discovery of information related to any claim(s) or defense. Responsive documents are directly related to Plaintiff's allegations and should be ordered to be produced.

        <u>Request 49</u>: This request seeks copies of all photos, video and audio recordings related to Plaintiff's claims against Defendant. Again Plaintiff included her generic objections and again, by definition this request is not, overly broad, unduly burdensome, vague and reasonably calculated to lead to discovery of information related to any claim(s) or defense. Further, Plaintiff objected stating that the request calls for a legal conclusion. This is both nonsensical and in bad faith. Responsive documents are directly related to Plaintiff's allegations and should be ordered to be produced.

Request 50: This request seeks copies of all settlement agreement in which the Plaintiff was a party.  Again Plaintiff included her generic objections and again, by definition this request is not, overly broad, unduly burdensome, vague and reasonably calculated to lead to discovery of information related to any claim(s) or defense.  Further, Plaintiff's objection that responsive documents are protected by attorney-client privilege and the work product doctrine, fails to comply with FRCP 26 (b)(5).

Request 51: This request seeks the first billing statement from any attorney to Plaintiff relating to Defendant. Again Plaintiff included her generic objections and again, by definition this request is not, overly broad, unduly burdensome, vague and reasonably calculated to lead to discovery of information related to any claim(s) or defense.  Further, Plaintiff's objection that responsive documents are protected by attorney-client privilege and the work product doctrine, fails to comply with FRCP 26 (b)(5).

Request 52: This request seeks the documents related to the payment of Plaintiff's legal fees and/or costs.  Again Plaintiff included her generic objections and again, by definition this request is not, overly broad, unduly burdensome, vague and reasonably calculated to lead to discovery of information related to any claim(s) or defense.  Further, Plaintiff's objection that responsive documents are protected by attorney-client privilege and the work product doctrine, fails to comply with FRCP 26 (b)(5).

Request 53: This request seeks the documents related to any criminal investigation and/or conviction of the Plaintiff.  Again Plaintiff included her generic objections and again, by definition this request is not, overly broad, unduly burdensome, vague and reasonably calculated to lead to discovery of information related to any

claim(s) or defense. Further, Plaitniff's objection that responsive documents are protected by attorney-client privilege and the work product doctrine, fails to comply with FRCP 26 (b)(5).

Request 54: This request seeks the documents related to Plaintiff's communications with any law firm or attorney not licensed in Oregon relating to Defendant, plaintiff's threats of legal proceedings and lawsuits relating to alleged violations of the ADA. Again Plaintiff included her generic objections and again, by definition this request is not, overly broad, unduly burdensome, vague and reasonably calculated to lead to discovery of information related to any claim(s) or defense. Further, Plaintiff's objection that responsive documents are protected by attorney-client privilege and the work product doctrine, fails to comply with FRCP 26 (b)(5).

## CONCLUSION

For all the forgoing reasons, Defendant respectfully requests that the Court grant Defendant's discovery motions, order discovery and award reasonable attorney fees and costs, upon submission of an affidavit or declaration and opportunity for defendants to question time and costs.

DATED this 4th day of September, 2024.

**VERITAS BUSINESS LAW**

/s/ Ted Roe
Ted Roe, OSB No. 991004
(503) 207-0205
Of Attorney for Defendant
Randy L L Corporation

# CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **DEFENDANT'S MEMORANDUM SUPPORTING MOTIONS TO COMPEL DISCOVERY** by:

- ☐ U.S. POSTAL SERVICE
- ☐ U.S. POSTAL SERVICE, CERTIFIED MAIL, RETURN RECEIPT REQUESTED
- ☐ FACSIMILE SERVICE
- ☒ ELECTRONIC MAIL
- ☐ HAND DELIVERY
- ☐ FEDERAL EXPRESS

addressed to the following named individual(s)/business(es) at their last known address(es) on the date stated below:

Jessica Molligan
Attorney at Law
PO Box 16893
Portland, OR 97292
jessicamolligan@comcast.net

DATED this 4th day of September, 2024.

/s/ Ted Roe
Ted Roe, OSB No. 991004
Of Attorney for Defendant