Theodore M. Roe, OSB No. 991004
tedr@veritasbusinesslaw.com
PO Box 82657
Portland, Oregon 97282
Telephone:     (503) 207-0205
Facsimile:      (503) 207-0206

    Of Attorneys for Defendant
    Randy L L Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **NADIA ROBERTS, an individual,**<br><br>               Plaintiff,<br><br>      v.<br><br>**RANDY L L CORPORATION, an Oregon Corporation,**<br><br>               Defendant. | Case No. **3:24-CV-00523-JR**<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

**Introduction**

      This action was brought by the Plaintiff for alleged violations of the Americans with Disabilities Act ("ADA") and/or ADA Accessibility Guidelines ("ADAAG"). To bring an action under the ADA and/or the ADAAG, the Plaintiff must have standing and the Plaintiff must have legitimate claims that Defendant violated the ADA and/or ADAAG. However, given Plaintiff's admissions, Plaintiff lacks both standing and there no genuine issues of material fact. Consequently, summary judgment should be granted.

**Background**

On or about August 8, 2024, Defendant, by and through its counsel, served Defendant's First Requests for Admission on Plaintiff, via plaintiff's counsel, pursuant to Fed. R. Civ. P. 36. A copy of which is attached hereto as Exhibit 1.

Fed. R. Civ. P. 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court."

Consequently, the deadline for Plaintiff's response to Defendant's First Requests for Admission was September 9, 2024. That date passed without any response from Plaintiff; therefore, Plaintiff's objections are waived and the requests are deemed admitted.

Plaintiff has made the following admissions:

1. That she "received compensation relating to [her] visit(s) to the [Defendant's property] as alleged in [her] Complaint." Defendant's Request No. 1.
2. That she "[was] not denied access to the [Defendant's property] and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein, nor was such access limited because of your alleged disability." Defendant's Request No. 2.
3. That she "[does]not drive a van." Defendant's Request No. 3.
4. That she "did not attempt to park a van on the [Defendant's property] as alleged in [her] Complaint." Defendant's Request No. 4.

5. That she "[her] ability to park on the [Defendant's property] was not limited and/or denied because of your alleged disability." Defendant's Request No. 5.

6. That "[her] ability to access the entrance of the [Defendant's property] was not limited and/or denied because there is no alleged accessible route connecting the public sidewalk serving the [Defendant's property] and any accessible entrance(s)." Defendant's Request No. 6.

7. That "[her] ability to access the exterior bagged ice cooler was not limited and/or denied because it allegedly does not have enough level maneuvering clearance on the curb for a wheelchair user to gain access to the cooler's outward swinging doors." Defendant's Request No. 7.

8. That "[her] ability to access the sales counter on the [Defendant's property] was not limited and/or denied because it allegedly exceeds the maximum allowable height of 36 inches from the finish floor." Defendant's Request No. 8.

9. That she "[has] no evidence that Defendant] has a practice of failing to maintain the accessible features of the [Defendant's property]." Defendant's Request No. 9

10. That she "[has] no evidence that [Defendant] has neglected their continuing duty to review, inspect and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant so that said elements may be discovered and remediated with regard to the Defendant's property]." Defendant's Request No. 10.

11. That she "[has] no evidence that [Defendant] has failed and continues to fail to alter its maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the [Defendant's property]." Defendant's Request No. 11.

12. That she "has no evidence that [Defendant] has failed to modify its maintenance practices to ensure that the [Defendant's property] remains readily accessible to and usable by disabled individuals." Defendant's Request No. 12.

13. That she "did not perform any test to determine whether the [Defendant's property] was in compliance the ADA and/or ADAAG." Defendant's Request No. 13.

14. That "prior to demanding the payment of attorney fees, [she] did not advise [Defendant] of any perceived violations of the ADA and/or ADAAG." Defendant's Request No. 14.

15. That she "[has] no evidence that the removal of the alleged 'physical barriers, dangerous conditions and ADA violations,' as alleged in [her] Complaint, are readily achievable and can be accomplished and carried out without significant difficulty or expense." Defendant's Request No. 15.

16. That she "[has] no evidence that the alleged violations of the ADA and/or ADAAG, as alleged in your Complaint, can be readily modified to bring the [Defendant's property] into compliance with the ADA and/or ADAAG." Defendant's Request No. 16.

17. That she "[was] hired to act as a named plaintiff in cases alleging ADA and/or ADAAG violations, including but not limited to the present action." Defendant's Request No. 17.

/ / /

/ / /

/ / /

**Standard of Review**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 US 317, 323, 91 L Ed 2d 265, 106 S Ct 2548 (1986) (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial burden of showing the absence of a material and triable issue of fact, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense. *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir 1991) (quoting *Richards v. Neilson Freight Lines*, 810 F.2d 898, 902 (9th Cir 1987)). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex*, 477 US at 322-23.

The substantive law governing a claim determines whether a fact is material. *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir 1987). All reasonable doubts as to the existence of a genuine issue of fact must be resolved against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 US 574, 587, 89 L Ed 2d 538, 106 S Ct 1348 (1986). The court should view inferences drawn from the facts in the light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F2d at 630-31.

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support

their claim than would otherwise be necessary. *Id.; In Re Agricultural Research and Tech. Group*, 916 F.2d 528, 534 (9th Cir 1990); *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F2d 1466, 1468 (9th Cir 1987).

**Argument**

    **A.    Plaintiff Lacks Standing.**

Given that Plaintiff has admitted to already receiving compensation relating to her claims against Defendant, she lacks standing to bring the present action.

The 9th Circuit recently heard *Grechko v. Calistoga SPA, Inc.*, 22-15295 (9th Cir. Apr 03, 2023) in which the plaintiff failed to establish standing to seek injunctive relief under Title III of the ADA. The court found that "to demonstrate standing under Title III of the ADA, a plaintiff 'must not only demonstrate the familiar requirements for standing-injury-in-fact, traceability, redressability-but also 'a sufficient likelihood that he will be wronged again in a similar way.'" (*Citing* to, *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014)) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)).

Plaintiff has admitted that she received compensated for her visit to the Defendant's property, which alone illustrates Plaintiff's lack of standing; as well as the other admissions detailed above, which illustrate that she was not denied access or use to Defendant's property and the full and equal enjoyment of the good, services, facilities, privileges, advances and/or accommodations offered therein, nor was any such access or use limited because of her alleged disability.

As Plaintiff has admitted that she was not denied access or use nor what that access or use limited because of her alleged disability, Plaintiff lacks standing to file the present claims under the ADA and/or ADAAG.

Consequently, there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law.

**B.     Plaintiff Has Admitted Defendant Has Not Violated the ADA and/or ADAAG.**

Given the Plaintiff's admissions, as described above, that Defendant has not violated the ADA and/or ADAAG and/or that she has no evidence to support the Plaintiff's claims that Defendant violated the ADA and/or ADAAG, there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law.

**Conclusion**

Plaintiff has already admitted facts sufficient to find that Plaintiff lack standing to bring the claims present in this lawsuit as well as establishes a lack of evidence supporting Plaintiff's claims in addition to admitting that Defendant has not committed the alleged violations of the ADA and/or ADAAG.

As such, there are no genuine issues of material fact.  Therefore, Summary Judgment is appropriate and should be granted for Defendant.

Dated: September 18, 2024

                                              /s/ Ted Roe
                                              Ted Roe, OSB No. 991004
                                              Of Attorneys for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** by:

- ☑ U.S. POSTAL SERVICE
- ☐ U.S. POSTAL SERVICE, CERTIFIED MAIL, RETURN RECEIPT REQUESTED
- ☐ FACSIMILE SERVICE
- ☑ ELECTRONIC MAIL
- ☐ HAND DELIVERY
- ☐ FEDERAL EXPRESS

addressed to the following named individual(s)/business(es) at their last known address(es) on the date stated below:

Jessica Molligan
Attorney at Law
PO Box 16893
Portland, OR 97292
jessicamolligan@comcast.net

DATED this 18th day of September, 2024.

/s/ Ted Roe
Ted Roe, OSB No. 991004
Of Attorney for Defendant