Theodore M. Roe, OSB No. 991004
tedr@veritasbusinesslaw.com
PO Box 82657
Portland, Oregon 97282
Telephone:    (503) 207-0205
Facsimile:    (503) 207-0206

    Of Attorneys for Defendant
    Randy L L Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **NADIA ROBERTS, an individual,**<br><br>              Plaintiff,<br><br>     v.<br><br>**RANDY L L CORPORATION, an Oregon Corporation,**<br><br>              Defendant. | Case No. **3:24-CV-00523-HZ**<br><br>**DEFENDANT'S OBJECTIONS TO SPECIAL APPEARANCE AND MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO COMPEL** |

      Defendant, Randy L L Corporation ("Defendant") objects to Plaintiff's counsel's Special Appearance and Motion For Extension of Time to [Respond] to Motion to Compel, as it prejudices Defendant, likely constitutes a conflict of interest for Plaintiff's counsel and such motion contains fabricated assertions. Defendant's motion to compel is related to the subpoena personally served on Wampler, Carroll, Wilson & Sanderson, P.C. ("WCWS") on September 16, 2024, to which it has refused to respond.

/ / /

/ / /

### I. Plaintiff's Counsel Impermissibly Combines Pleadings.

Plaintiff's counsel combines a notice of special appearance on behalf of WCWS and a motion for extension of time to respond to Defendant's motion to compel ("motion for extension").

An attorney generally may not combine a special notice of appearance and a motion in the same document. Both the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of the District of Oregon ("LR") require that motions and appearances be filed as separate documents.

Pursuant to FRCP 7(b)(1)(B) a motion must be stated with particularity, specifying the grounds for the request and the relief sought. Combining a motion with a notice of appearance may obscure the distinct purpose of each filing.

Further, motions must comply with LR 7-1, which requires specific formatting, certification of conferral with opposing counsel, and a clear identification of the motion. A notice of appearance does not include these elements and has a different function.

Notices of appearance are typically administrative filings to inform the court and opposing parties of the attorney's representation. They are not substantive and are separate from motions. Additionally, LR 10-1 mandates that each filing must conform to formatting rules and combining distinct documents like a notice of appearance and a motion violate these rules.

Consequently, the Court should reject Plaintiff's counsel's special appearance and motion for extension.

### II. Plaintiff's Counsel's Special Appearance Is A Conflict Of Interest.

The Oregon Rules of Professional Conduct ("RPC") 1.7, provides that an attorney cannot represent two clients if there is a direct conflict of interest, unless, 1. the representation does not

involve the assertions of claims by one client against the other in the same litigation; **and** 2. both clients provide confirmed written consent.

In this case, WCWS's interest in resisting the compliance with the subpoena which is the subject of the motion to compel is adverse to the Plaintiff's interests, i.e., in bringing a meritorious claim. This creates a conflict of interest that precludes Plaintiff's counsel from representing both Plaintiff and WCWS. If Plaintiff's counsel and WCWS conspired to bring ADA claims, including the present case, that lacked an objectively reasonable basis (as alleged by Defendant), that action creates liability for the Plaintiff. Consequently, again, this creates a conflict of interest for Plaintiff's counsel.

Further, Defendant has alleged and believes that the documents sought pursuant to the subpoena will support the contention that Plaintiff's counsel along with WCWS have conspired to abuse the legal process and used Plaintiff as a mechanism of that fraud.

Given this fact, even if there is an absence of direct adversity, Plaintiff's counsel's ability to represent zealously could be materially limited by representing WCWS, as it is WCWS interest that is paramount to Plaintiff's counsel in these ADA troll cases. WCWS is believed to have substantially profited by utilizing disabled people as a shill to extort Oregon businesses based upon fraudulent ADA claims, including the present case. It is further believed that WCWS was the primary beneficiary of this abuse of process and that WCWS directed Plaintiff's counsel in conjunction with this and other similar cases. Consequently, Plaintiff's counsel might be reluctant to push for certain actions in favor of Plaintiff if it was to the detriment of WCWS.

RPC 1.7 requires that both Plaintiff and WCWS provide confirmed written consent, even if the former part of the rule is met. Defendant does not believe that Plaintiff's counsel obtained

such required informed written consent prior to filing her special appearance and motion for extension.

### III. Judicial Perception And Ethical Duties.

Even, if the rules technically allow dual representation, courts may scrutinize the arrangement to ensure no ethical impropriety arises, especially in cases involving federal statutes like the ADA, where public policy concerns are significant. Given this fact, Defendant requests that this Court, at a minimum, inquire further into such dual representation, the likely lack of informed written consent and the resulting conflict of interest for Plaintiff's counsel.

### IV. WCWS Was Provided With The Motion Pursuant to FRCP 5.

While Plaintiff's counsel now complains that WCWS received the motion to compel by US first class mail and not email, US first class mail is an acceptable means of transmitting pleadings. FRCP 5(b)(2)(C). FRCP 5(b)(2)(C) provides that when serving pleadings by mail, the "service is complete upon mailing." Consequently, Plaintiff's assertion that LR 7-1(e)(1) sets the deadline for a response to a motion at 14 days from the date that mailing is "received," is contrary to the plain meaning of the FRCP, LR and contrary to the standard practice of law in federal court in Oregon.

Additionally, while Plaintiff's counsel now complains that Defendant did not transmit the motion to compel to WCWS by email, neither WCWS' listing with the Tennessee Secretary of State or WCWS' own website for Jeffrey Lucas Sanderson list an email contact. Exhibit 1 and 2.

While Plaintiff's counsel and the declaration of Jeffrey Lucas Sanderson asserts that the copy of the Defendant's motion to compel WCWS' response to the subpoena, sent on November 12, 2024, was not received until November 25, 2024, is suspect.

Plaintiff's counsel received this pleading on November 12, 2024. This is undisputed. It is simply not credible for Plaintiff's counsel and WCWS to suggest that Plaintiff's counsel did not provide WCWS with an email or some other notice of the motion to compel on or about her receipt of that motion. Consequently, it is disingenuous for Plaintiff's counsel and WCWS to now assert that it did not receive notice until November 25, 2024 and requires an extension of 21 days, making the total response time for the motion to compel, 35 days.

Further, even if the Court was considering only the mailing of the motion to WCWS, according to the US Postal Service, first class mail has a delivery time of one to five business days. Exhibit 3. Consequently, the latest delivery time for the motion mailed on November 12, 2024 was November 19, 2024.

The Court should note that WCWS is the same firm that refused to respond to the subpoena that was personally served upon it and refused to respond to defense counsel when he contacted WCWS by phone prior to filing the motion to compel. Plaintiff's counsel and WCWS' actions to further delay this matter prejudice the Defendant and should not be tolerated by this Court.

Further, if granted, the Defendant's deadline for its Reply would be December 24, 2024, i.e., Christmas Eve, creating an unreasonable hardship for Defendant and defense counsel.

### V.   Conclusion.

Given that Plaintiff's counsel's special appearance and motion for extension impermissibly combine pleadings that should otherwise be separate, the Court should deny their motion.

Further, given the likelihood that Plaintiff's counsel's representation of both WCWS and Plaintiff create a conflict of interest, the Court should deny their motion. At a minimum, the

Court should make further inquiry that the representation does not involve the assertions of claims by one client against the other in the same litigation and both Plaintiff and WCWS provide confirmed written consent.

Finally, given the November 12, 2024, service of the motion to compel on WCWS by US first class mail, Plaintiff's counsel's likely transmission of the motion to WCWS on or about the same date and the prejudice of further delay, Defendant respectfully requests that this Court deny WCWS' request for an extension.

DATED this 27th day of November, 2024.

**VERITAS BUSINESS LAW**

/s/ Ted Roe
Ted Roe, OSB No. 991004
(503) 207-0205
Of Attorney for Defendant
Randy L L Corporation

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **DEFENDANT'S OBJECTIONS TO SPECIAL APPEARANCE AND MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO COMPEL and exhibits** by:

- ☐ U.S. POSTAL SERVICE
- ☐ U.S. POSTAL SERVICE, CERTIFIED MAIL, RETURN RECEIPT REQUESTED
- ☐ FACSIMILE SERVICE
- ☑ ELECTRONIC MAIL
- ☐ HAND DELIVERY
- ☐ FEDERAL EXPRESS

addressed to the following named individual(s)/business(es) at their last known address(es) on the date stated below:

Jessica Molligan
Attorney at Law
PO Box 16893
Portland, OR 97292
jessicamolligan@comcast.net

DATED this 27th day of November, 2024.

/s/ Ted Roe
Ted Roe, OSB No. 991004
Of Attorney for Defendant