IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NADIA ROBERTS, an individual,

        Plaintiff(s),

v.

RANDY LL CORPORATION, a corporation

        Defendant(s).

No. 3:24-cv-00523-HZ

OPINION & ORDER

Jessica Lee Molligan
P.O. Box 16893
Portland, OR 97292

    Attorney for Plaintiff

Ted Roe
Veritas Business Law, LLC
P.O. Box 82657
Portland, OR 97282

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, Senior District Judge:

This matter is before the Court on Defendant Randy LL Corporation's Motion for Summary Judgment, ECF 29. For the following reasons the Court grants Defendant's Motion.

## BACKGROUND

On March 27, 2024, Plaintiff Nadia Roberts filed a Complaint in this Court asserting claims against Defendant for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*., and its implementing regulations, 28 C.F.R. Part 36, and seeking injunctive relief.

On July 24, 2024, Defendant served Plaintiff with its First Request for Production of Documents. On August 7, 2024, Defendant served Plaintiff with its Second Request for Production of Documents and with its First Set of Interrogatories. On August 8, 2024, Defendant served Plaintiff with its First Request for Admissions. On August 13, 2024, Defendant served Plaintiff with its Third Request for Production of Documents.

On August 29, 2024, the Court set a Rule 16 conference for September 6, 2024.

On September 4, 2024, Plaintiff's counsel, Jessica Molligan, filed a Motion to Withdraw. That same day, Defendant filed a Motion to Compel in which it sought an order requiring Plaintiff to respond to Defendant's requests for production, interrogatories, and request for admissions.

On September 6, 2024, the Court held a hearing on Molligan's Motion to Withdraw. The Court denied the Motion to Withdraw; required Molligan to file a declaration in which she set out the steps she took to communicate with Plaintiff before filing the Motion to Withdraw; and set a further telephone conference regarding the Motion to Withdraw on October 18, 2024. The

Court declined to address Defendant's Motion to Compel or to set a case schedule in light of the ongoing issues related to the Motion to Withdraw.

Defense counsel emailed Molligan on September 12, 2024, advising that Plaintiff had not responded to Defendant's discovery requests, therefore, the facts in those requests are deemed admitted. Roe Decl., ECF 31, Ex. 2 at 1. On September 13, 2024, Molligan responded that defense counsel's "assertions and threats are contrary to Judge Hernandez's ruling and directions set forth at [the September 6, 2024] hearing." *Id*., Ex. 3. Molligan attached Plaintiff's Response to the First Request for Admissions to her email.

On September 18, 2024, Defendant filed a Motion for Summary Judgment. On September 19, 2024, the Court entered an Order staying the response and reply deadlines for that motion. The Court advised that it would set response and reply deadlines at the October conference.

On October 25, 2024, the Court held a conference to discuss Molligan's continued representation of Plaintiff. The Court continued the hearing to October 30, 2024, and directed Plaintiff to appear.

On October 30, 2024, the Court questioned Plaintiff about Molligan's representation and denied the Motion to Withdraw. The Court set a schedule for the response and reply for the Motion for Summary Judgment as well as other case deadlines including completion of discovery by January 30, 2025.

Plaintiff filed a Response to the Motion for Summary Judgment, Defendant filed a Reply, and the Court took the matter under advisement on November 28, 2024.

**STANDARDS**

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927–28 (9th Cir. 2009)(internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007)(citing *Celotex*, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011). If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support its claim than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"Summary judgment is improper where divergent ultimate inferences may reasonably be drawn from the undisputed facts." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d

1119, 1125 (9th Cir. 2014)(internal quotation marks omitted); *see also Int'l Union of Bricklayers & Allied Craftsman Loc. Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985)("Even where the basic facts are stipulated, if the parties dispute what inferences should be drawn from them, summary judgment is improper.").

## DISCUSSION

Defendant moves for summary judgment on the grounds that Plaintiff failed to timely respond to Defendant's First Request for Admissions,[1] therefore, the facts therein are deemed admitted and establish that Plaintiff lacks standing.

I.  **Responses to Request for Admission**

Plaintiff asserts that her response to the First Request for Admissions was not untimely because it was served within the time permitted under Rule 26.

A.  **Standards**

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Courts generally require a moving party to demonstrate "good cause" exists to deviate from the standard pretrial schedule. *Wilmington Tr. Co. v. Boeing Co.*, No. C20-0402-RSM-MAT, 2020 WL 4125106, at *2 (W.D. Wash. July 20, 2020)(collecting cases). "'Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Id.* (quoting *Music Grp. Macao Com. Offshore Ltd. v. John Does I-IX*, C14-621-RSM, 2014 WL 11010724, at *1 (W.D. Wash. July 18, 2014)). Factors that

---

[1] Defendant does not rely on its Second and Third Request for Production or its first set of Interrogatories to support its summary judgment motion.

courts consider when assessing the existence of good cause include "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* (quotation omitted).

    **B.**    **Analysis**

Defendant asserts that pursuant to Federal Rule of Civil Procedure 36(a)(3)[2] a response to its First Request for Admissions was due September 9, 2024. Plaintiff did not respond until September 13, 2024. According to Defendant, therefore, the facts in its First Request for Admissions are deemed admitted.

Federal Rule of Civil Procedure 36 governs requests for admission, but "Federal Rule of Civil Procedure 26(d)(1) governs the timing of discovery." *S.P. v. Cnty. of San Bernardino*, No. EDCV 19-1897-JGB-KKX, 2020 WL 4335375, at *3 (C.D. Cal. May 13, 2020). Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." The parties here did not conduct a Rule 26(f) conferral before Defendant sought the discovery at issue. The parties did not stipulate to early discovery requests nor did the Court authorize early discovery. In fact, at the September 6, 2024 hearing on the Motion to Withdraw the Court specifically declined to take up discovery or case scheduling until the issue of Molligan's request to withdraw was resolved.

A court may find good cause for early discovery when "the administration of justice, outweighs the prejudice to the responding party." *Wilmington*, 2020 WL 4125106, at *2.

---

[2] Rule 36(a)(3) provides "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection."

6 – OPINION & ORDER

Defendant, however, does not address or establish that the factors courts consider when assessing the existence of good cause weigh in favor of permitting early discovery. The Court, therefore, concludes that Plaintiff was not required to respond to requests for admission before she did so on September 13, 2024. *See, e.g., Benton-Flores v. Santa Barbara Unified Sch. Dist.*, No. 219CV06424JFWSP, 2022 WL 2189532, at *1 (C.D. Cal. Jan. 24, 2022), *aff'd*, No. 22-56213, 2024 WL 813467 (9th Cir. Feb. 27, 2024)(denying a motion to compel when the "parties have not yet had a Rule 26(f) conference, th[e] case [did] not fall under any of the Rule 26(a)(1)(B) exceptions," no court order permitted early discovery, and good cause for early discovery was not shown); *Ecological Rts. Found. v. Hot Line Constr., Inc.*, No. EDCV 20-1108-AB (KKX), 2020 WL 6802029, at *4 (C.D. Cal. Nov. 19, 2020)(finding the plaintiffs did not have the authority to serve discovery requests on the defendant when "the date of service was prior to the Rule 26(f) conference, and Plaintiffs had not obtained permission from the Court or a stipulation from defendant SCE permitting such early discovery" and deeming the discovery requests to have been served as of the date of the Rule 26(f) conference).

Accordingly, the Court concludes that Plaintiff's response to the First Request for Admissions was not untimely and the matters therein are not deemed admitted.

## II.  Merits of Defendant's Motion for Summary Judgment

Defendant asserts that Plaintiff did not timely file responses to Defendant's First Request for Admission, the matters therein are deemed admitted, and the admitted facts establish that Plaintiff lacks standing to bring this action. Plaintiff contends that her response to the First Request for Admissions was not untimely and those matters are not deemed admitted. Plaintiff also relies on her Declaration to establish that she has standing. Defendant asserts in its Reply that Plaintiff's Declaration is insufficient to establish standing.

### A. Standing

"As the party invoking jurisdiction, Plaintiff bears the burden of establishing standing." *Escobedo v. Papazian*, No. 1:24-CV-00636-SAB, 2024 WL 3861439, at *4 (E.D. Cal. Aug. 19, 2024)(citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To allege Article III standing, "a plaintiff must sufficiently plead an (i) injury-in-fact, (ii) that is causally connected to Defendant's challenged conduct, and (iii) likely to be 'redressed by a favorable decision.'" *Id.* (quoting *Lujan*, 504 U.S. at 560–61). "The Ninth Circuit has held there are two ways in which an ADA plaintiff may establish standing to sue for injunctive relief: the plaintiff can either demonstrate 'deterrence' or 'injury-in-fact coupled with an intent to return to a noncompliant facility.'" *Id.* (quoting *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011)). The alleged injury-in-fact must be: (i) "concrete and particularized" and (ii) "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560. "Because injunctive relief is the only remedy [available] to individuals under Title III of the ADA, Plaintiff must show [s]he faces a 'real and immediate threat of repeated injury' to establish an injury-in-fact for purposes of standing." *Escobedo*, 2024 WL 3861439, at *4 (quoting *Chapman*, 631 F.3d at 946). *See also Grechko v. Calistoga Spa, Inc.*, No. 22-15295, 2023 WL 2755323, at *1 (9th Cir. Apr. 3, 2023)(quoting *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014)("To demonstrate standing under Title III of the ADA, a plaintiff 'must not only demonstrate the familiar requirements for standing - injury-in-fact, traceability, redressability - but also a sufficient likelihood that he will be wronged again in a similar way.'").

### B. Analysis

Plaintiff states in her Declaration that she is a disabled individual and uses a wheelchair for "mobility purposes." Roberts Third Am. Decl., ECF 49, ¶ 3. Plaintiff "visited a

Mobil Gas Station located at 5322 Southeast 82nd Ave., Portland" ("the property")[3] on "or about January of 2024" and "encountered numerous barriers to entry." *Id*. ¶¶ 4, 8. Plaintiff states:

> I was forced double-park my vehicle in, unlevel, standard parking spaces to unload my wheelchair from my vehicle.
>
> Then, I had to traverse unlevel ground, through multiple vehicular ways, to approach the only ramp leading to the entrance of the business.
>
> The absence of any accessible parking spaces or access aisles made it difficult for me to park my vehicle, unload my wheelchair, and exit my vehicle, as other vehicles were obstructing the loading area outside of my vehicle.
>
> [Because] there were no access aisles or designated accessible spaces located on the property, a vehicle was parked in front of the only ramp leading into the business, making it extremely difficult for me to maneuver my way into the business.

*Id*. ¶¶ 14-17.

Defendant asserts that Plaintiff's Declaration fails to establish standing because she did not testify that she had been to the property previously or that she had any intention to return to the property, nor does it provide any basis for a reasonable expectation that she would return to the property. Plaintiff's Declaration establishes that she encountered accessibility barriers to entry when she attempted to patronize the property. The Declaration does not, however, establish that she "faces a 'real and immediate threat of repeated injury.'" *Escobedo,* 2024 WL 3861439, at *4 (quoting *Chapman,* 631 F.3d at 946). "To establish standing, [a plaintiff] also must establish that [she] intends to return to Defendant's facilities." *Rutherford v. Evans Hotels, LLC*, No. 18-CV-435 JLS (MSB), 2020 WL 5257868, at *17 (S.D. Cal. Sept. 3, 2020)(citing *Chapman,* 631 F.3d at 944). This requires a plaintiff to "demonstrate[ ] an intent to return to the geographic area where the accommodation is located and a desire to visit the

---

[3] Defendant does not dispute that it is the owner, lessor, and/or operator/lessee of the property.

accommodation if it were made accessible." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008). Plaintiff does not state in her Declaration that she attempted to visit the property more than the one time, that she intends to visit the property again, that the property is near her residence or another place that she regularly or occasionally visits, or that she is deterred from visiting the property but will return once the barriers to access are removed. Plaintiff has provided no evidence that demonstrates there is "a sufficient likelihood that [s]he will be wronged again [by Defendant] in a similar way." *Ervine*, 753 F.3d at 867. *See also Gastelum v. Canyon Hosp. LLC*, No. CV-17-02792-PHX-GMS, 2018 WL 2388047, at *8 (D. Ariz. May 25, 2018)("To accord standing allowing Plaintiff to sue Defendants when he can establish no likelihood of again visiting their facilities in the course of his normal activities other than maintaining litigation against a defendant would violate the standing principles set forth in *Raines*[*v. Byrd*, 521 U.S. 811 (1997)], *Spokeo*[*v. Robbins*, 136 S. Ct. 1540 (2016)], and [*City of Los Angeles v.*] *Lyons*, 461 U.S. 95 (1983)]."). The Court, therefore, concludes Plaintiff has failed to establish an injury-in-fact for purposes of ADA, Title III standing. Accordingly, the Court grants Defendant's Motion for Summary Judgment.

## CONCLUSION

The Court GRANTS Defendant Randy LL Corporation's Motion for Summary Judgment, ECF 29.

IT IS SO ORDERED.

DATED: December 19, 2024 .

                                                                   */s/ Marco Hernández*
                                                           MARCO A. HERNÁNDEZ
                                                           United States Senior District Judge