Theodore M. Roe, OSB No. 991004
tedr@veritasbusinesslaw.com
PO Box 82657
Portland, Oregon 97282
Telephone: (503) 207-0205
Facsimile: (503) 207-0206

Of Attorneys for Defendant
Randy L L Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **NADIA ROBERTS, an individual,**<br><br>Plaintiff,<br><br>v.<br><br>**RANDY L L CORPORATION, an Oregon Corporation,**<br><br>Defendant. | Case No. **3:24-CV-00523-HZ**<br><br>**DECLARATION OF TED ROE IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS AGAINST JESSICA MOLLIGAN** |

1. I, Ted Roe, am an attorney representing the Defendant in this matter. This declaration is based upon my personal knowledge and from a review of the billing records and file in this matter.

2. The Defendant seeks an award of reasonable attorney fees in the sum of $52,400.00 and costs (not previously awarded) in the sum of $532.08 as sanctions against Plaintiff's counsel, Jessica Molligan. The Defendant is entitled to recover their total fees and costs of $52,932.08, based upon Federal Rule of Civil Procedure ("FRCP") 11, 28

U.S.C. § 1927, as well as 42 U.S.C. §12205, FRCP 54(d)(1) and (2), and the inherent authority of the Court to impose sanctions and the judgment of the Court.

3. My hourly rate of $500 was agreed to by the Defendant. A statement detailing the basis for the fees incurred is attached as Exhibit 2 to the Defendant's Motion For an Award of Attorney Fees and Costs.

4. Prior to the Court's entry of the Judgment against Plaintiff, I, on numerous occasions attempted to contact Plaintiff's counsel to obtain the dismissal of Plaintiff's meritless claims and payment of the attorney fees and costs incurred by Defendant, or a portion of the attorney fees and costs incurred by Defendant. I further was required to investigate Plaintiff's allegations, consult with my client, consult with experts, prepare and serve discovery requests, communicate with Plaintiff's counsel regarding such discovery requests, prepare and serve motions to compel relating to Plaintiff's failure to comply with the discovery requests, failure to produce discovery and bad faith objections to Defendant's discovery requests, prepare a motion for summary judgment and against Plaintiff's meritless motion to compel mediation and extend all discovery deadlines. Plaintiff's position throughout this litigation has lacked merit and the Judgment was entered against Plaintiff, with prejudice on December 19, 2024, when the Court granted Defendant's motion for summary judgment.

The Plaintiff's meritless position in this litigation, refusal to comply with discovery requests and filing of meritless motions had the effect of continuing to injury the Defendant and consequently, Plaintiff should not be permitted to misuse the legal process in her continuing effort to injury the Defendant.


VERITAS BUSINESS LAW
PO Box 82657
Portland, Oregon 97282
503/207-0205

5. The court should consider the factors checked below in determining the reasonable attorney fee award:

__X__ Skills requisite to perform the legal services properly;

__X__ Fees customarily charged in the locality for similar legal services;

__X__ The experience, reputation and ability of the lawyer(s) performing the services;

__X__ Amount involved and the results obtained; and

__X__ Defendant paid a substantial amount of the attorney fees and costs directly and the requested award would directly compensate the Defendant for much of its expenses incurred.

When all of these factors are properly considered, and all of the evidence is properly weighed, the Court should find that the attorney fees and costs sought by the Defendant are reasonable.

6. The number of hours billed and the costs incurred in this matter on behalf of the Defendant was reasonable and in line with the fees customarily charged by other firms providing similar services. Every effort was made in keeping costs associated with this action to only the absolute essentials of representation and in providing our client's the most crucial course of action to protect its interests in this dispute. The Defendant has not submitted expert testimony to support fees in an effort to keep these expenses to a minimum, but is willing to do so.

7. In a July 5, 2024 letter to Plaintiff's counsel, in which I stated that "it appears that you are targeting immigrant and minority owned businesses with frivolous, extortive and abusive lawsuits that are not driven by an effort to obtain compliance with



VERITAS BUSINESS LAW
PO Box 82657
Portland, Oregon 97282
503/207-0205

the ADA, but rather are simply to exert pressure on small immigrant and minority owned businesses in an effort to obtain attorney fees" and that "[e]ven more troubling is that you appear to be doing this, not on behalf of your client, but on behalf of an out-of-state law, Tennessee law firm. This is deeply troubling and should further litigation be necessary in the above referenced case, we intend to investigate fully and enforce all remedies available to our client. I would encourage you to review the RPCs, 28 U.S.C. §1927 and 11 U.S.C. §105(a)." Exhibit A.

8. On July 24, 2024, I served Plaintiff's counsel with Defendant' s First Request for Production of Documents. Exhibit B.

9. On August 26, 2024, I received Plaintiff's responses to Defendant' s First Request for Production of Documents. Exhibit C. Plaintiff did not produce any documents and in bad faith, objected to every single request.

10. On August 7, 2024, I served Plaintiff's counsel with Defendant's Second Request for Production of Documents. Exhibit D.

11. On November 27, 2024, I received Plaintiff's responses to Defendant' s Second Request for Production of Documents. Exhibit E. Plaintiff did not produce any documents and in bad faith, objected to every single request.

12. On August 7, 2024, I served Plaintiff's counsel with Defendant's First Set of Interrogatories. Exhibit F.

13. On December 5, 2024, I received Plaintiff's responses to Defendant's First Set of Interrogatories. Exhibit G. Plaintiff's counsel falsely certifies that these



VERITAS BUSINESS LAW
PO Box 82657
Portland, Oregon 97282
503/207-0205

responses were served on November 21, 2024. Plaintiff in bad faith, objected to every single interrogatory.

14. On August 8, 2024, I served Plaintiff's counsel with Defendant's First Requests for Admissions. Exhibit H.

15. On September 13, 2024, I received Plaintiff's responses to Defendant's First Requests for Admissions. Exhibit I. Plaintiff in bad faith, objected to every single request.

16. On November 27, 2024, I received Plaintiff's responses to Defendant' s Third Request for Production of Documents. Exhibit K. Plaintiff's counsel falsely certifies that these responses were served on November 19, 2024 and signed on November 21, 2024. Plaintiff did not produce any documents and in bad faith, objected to every single request.

17. On August 8, 2024, I sent an email to Plaintiff's counsel thanking her for finally filing a response to Defendant's motion to set aside the default. I further requested that Plaintiff's counsel comply with FRCP 5(a)(1)(B) and 5(B)(1) by providing me with copies of pleadings filed with the Court and including a certificate of service on each pleading. Exhibit L. However, Plaintiff's counsel refused to comply until instructed to comply by the Court on September 6, 2024.

18. Between August 19 and 22, 2024, Plaintiff's counsel emailed me a request for an extension of the time to respond to Defendant's 1st RFP. Exhibit M. In response, I asked Plaintiff's counsel if she intended to have the requested documents



VERITAS BUSINESS LAW
PO Box 82657
Portland, Oregon 97282
503/207-0205

to me by August 30, 2024 or if she was only planning on providing me with the Plaintiffs response to the 1st RFP by that date. *Id.*

19. On August 21, 2024, Plaintiff's counsel sent me an email stating that she "would be supplying not just responses but the documents as well." *Id.* On the basis of Plaintiffs counsel's representation, I consented to an extension of the Plaintiffs response and document production to August 30, 2024. *Id.*

20. On August 27, 2024, in response to Plaintiff's counsel's bad faith response to Defendant's first request for production, I emailed Plaintiff's counsel stating that 1) no documents were produced despite Plaintiffs counsel's representation that documents would be produced; 2) that Plaintiffs response and objections were in bad faith, in violation of Fed. R. Civ. P. 11, 34 and 37; and 3) the specific issues with each of the objections Plaintiff made to each request. Plaintiff's counsel did not respond to this email. Exhibit N.

21. On August 28, 2024, I provided Plaintiff's counsel with an email asserting that we demanded that Plaintiff "immediately dismiss [the] meritless lawsuit with prejudice," "pay all of [Defendant's] costs and attorney fees * * * currently estimated at $20,558.38," "pay $25,000 for bringing a meritless lawsuit against our client please note that this meritless lawsuit has negatively impacted our client's business causing it to incur significant damages * * * and if necessary, we will bring counterclaims against you and your client for these damages." Exhibit O. Plaintiff did not respond.

22. On September 4, 2024, I provided Plaintiff's counsel with an email asserting that Plaintiff's counsel's conduct violated Rule 11 and constituted a "fraud on



VERITAS BUSINESS LAW
PO Box 82657
Portland, Oregon 97282
503/207-0205

the court and engaged in an abuse of process by filing meritless claims that [she] know[s] to be fraudulent," defense counsel further stated "I find it difficult to understand your desire to dig yourself into a deeper and deeper hole; however, that is your prerogative." Exhibit P.

23. On September 6, 2024, I provided Plaintiff's counsel with an email stating that "[she had] now falsely certified that [she] previously emailed me pleadings, twice." Exhibit Q. In response Plaintiff's counsel asserted that I was e-served by the Court. Again, Plaintiff's counsel refused to provide me with a copy of pleadings on the date served, in compliance with FRCP 5(a)(1)(B) and 5(B)(1) until instructed to do so by the Court on September 6, 2024.

24. On September 6, 2024, I provided Plaintiff's counsel with an email making a settlement demand, in which we demanded that she "immediately dismiss [the] meritless lawsuit with prejudice," "pay all of [Defendant's] costs and attorney fees * * * currently estimated at $25,000," and "an acceptable written settlement agreement." Exhibit R. Plaintiff did not respond.

25. Typical for Plaintiff's counsel was to send me an email requesting an extension and a short time later filing a motion for such extension. For example, on October 1, 2024, at 3:20pm, Plaintiff's counsel sent me an email asking for an extension of the deadline to respond to Defendant's motion for summary judgment. Exhibit S. Then at 3:49pm, only 29 minutes later, she sent me an email confirming that she had filed a motion for the extension of that deadline. *Id*.


VERITAS BUSINESS LAW
PO Box 82657
Portland, Oregon 97282
503/207-0205

26. Between November 1, 2024 and November 12, 2024, I had email correspondence with Plaintiff's counsel in which I stated that there was a substantial amount of outstanding discovery due from Plaintiff. Exhibit T. In response, Plaintiff's counsel stated that she has "been busy" but would have "responses to all discovery requests to me by November 21, 2024. *Id*.

27. While Plaintiff's counsel did serve Plaintiff's responses to Defendant's second and third requests for production, it was not until November 27th, (despite Plaintiff's counsel's false certification that such pleadings were served on November 21) the responses to Defendant's first set of interrogatories were not served until December 5, 2024. Exhibit U. Further, and more importantly, the responses that were provided were replete with bad faith objections that in no way held any valid legal basis. *See*, responses to Defendant's discovery requests above.

28. On November 25, 2024, I provided Plaintiff's counsel with an email making a settlement demand, in which we demanded that she "immediately dismiss [the] meritless lawsuit with prejudice," "an acceptable written settlement agreement," and payment of "1/2 of our client's accrued costs and attorney fees * * * currently $22,527.03." Exhibit V.

29. On December 2, 2024, I received an email from Plaintiff's counsel in which she stated that she would "pay $5,000 to [Defendant] and, upon acceptance, will dismiss the lawsuit with prejudice." Exhibit W.

30. On December 11, 2024, I provided Plaintiff's counsel with an email making a settlement counteroffer, in which we demanded that she "immediately dismiss



VERITAS BUSINESS LAW
PO Box 82657
Portland, Oregon 97282
503/207-0205

[the] meritless lawsuit with prejudice," "an acceptable written settlement agreement," and payment of "one half of [Defendant's] accrued attorney fees and costs i.e., $24,927.03" and that "if this offer is rejected, we will vigorously defend to the case's conclusion, and intend to bring counterclaims and third party complaints as indicated previously." Exhibit X.

31. However, rather than respond to our counteroffer, Plaintiff's counsel filed a meritless motion to compel mediation and meritless motion to extend all discovery deadlines. This was despite my email to Plaintiff's counsel on December 17, 2024, detailing why such motions were meritless and that Plaintiff's counsel failed to comply with the Local Rules. Exhibit Y.

32. On December 30, 2024, I provided Plaintiff's counsel with an email stating that as a result of the Court's granting Defendant's motion for summary judgment, we would be filing a motion for attorney fees and costs against Plaintiff and a motion for sanctions against Plaintiff's counsel for attorney fees and costs and that Plaintiff and Plaintiff's counsel could avoid this expense if they stipulated to judgments in Defendant's favor. Exhibit Z. Plaintiff's counsel did not respond.

33. Despite receiving multiple opportunities to resolve this matter for less than the then accrued attorney fees and costs, including immediately prior to the filing of the present Motion, Plaintiff's counsel, in bad faith continued to litigate this matter, knowing that the Plaintiff's claims lacked merit.

34. <u>Hourly Rate</u>.



VERITAS BUSINESS LAW
PO Box 82657
Portland, Oregon 97282
503/207-0205

According to the Oregon State Bar 2022 Economic Survey, the median hourly billing rate for attorneys practicing in the Portland area with 21-30 years' experience was $450, with a range of $447 to $697. See attached Exhibit AA. I have billed the Plaintiff at $500 per hour, well within the range of other attorneys in the same area with similar experience.

/ / /

The $500 per hour request reflects my knowledge in the area of litigation and federal procedural law that led to efficiencies others would not have. The Court may also consider inflation and a general increase in billable rates from 2022 to 2024.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY OF PERJURY.

Dated this 2nd day of January, 2025.

/s/ Ted Roe
Ted Roe



VERITAS BUSINESS LAW
PO Box 82657
Portland, Oregon 97282
503/207-0205