IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NADIA ROBERTS, an individual,

        Plaintiff(s),

v.

RANDY LL CORPORATION, a corporation

        Defendant(s).

No. 3:24-cv-00523-HZ

OPINION & ORDER

Jessica Lee Molligan
P.O. Box 16893
Portland, OR 97292

    Attorney for Plaintiff

Ted Roe
Veritas Business Law, LLC
P.O. Box 82657
Portland, OR 97282

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, Senior Judge:

This matter is before the Court on Defendant Randy LL Corporation's Motion for An Award of Attorney Fees and Costs, ECF 60. For the following reasons the Court denies Defendant's Motion.

## BACKGROUND

On March 27, 2024, Plaintiff Nadia Roberts filed a Complaint asserting claims against Defendant for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, and its implementing regulations, 28 C.F.R. Part 36.

Defendant moved for summary judgment. On December 19, 2024, the Court granted Defendant's Motion for Summary Judgment on the basis that Plaintiff failed to establish she had standing.

On January 2, 2025, Defendant filed a Motion for An Award of Attorney Fees and Costs pursuant to the ADA, 42 U.S.C. § 12205, and Federal Rule of Civil Procedure 54(d)(1). The Court took the matter under advisement on January 27, 2025.

## DISCUSSION

Defendant moves for attorney fees and costs pursuant to § 12205 and Rule 54(d)(1). Plaintiff asserts that because this Court granted summary judgment on the basis that Plaintiff lacked standing, the Court no longer has jurisdiction to award attorney fees or costs.

### I. Standards

 "The ADA allows a 'prevailing party' its fees." *Kohler v. Bed Bath & Beyond of Ca., LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015)(quoting 42 U.S.C. § 12205). "But while prevailing plaintiffs regularly recover their fees, 'policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant.'" *Id.* (quoting

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 418–19 (1978)). "Accordingly, 'fees should be granted to a defendant in a civil rights action only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Id.* (quoting *Summers v. A. Teichert & Son,* 127 F.3d 1150, 1154 (9th Cir.1997)(internal quotation marks omitted)). The Ninth Circuit has "repeatedly cautioned that district courts should not 'engage in post hoc reasoning,' awarding fees simply 'because a plaintiff did not ultimately prevail.'" *Id.* (quoting *EEOC v. Bruno's Rest*., 13 F.3d 285, 290 (9th Cir. 1993)). "This admonition applies even in cases which are resolved at summary judgment because no 'reasonable jury could return a verdict in [the plaintiff's] favor.'" *Id.* at 1267 (quoting *Thomas v. Douglas*, 877 F.2d 1428, 1434 & n.8 (9th Cir. 1989)).

## II.   Analysis

Plaintiff asserts that because the Court granted summary judgment for Defendant on the basis that Plaintiff did not establish that she had standing, the Court no longer has jurisdiction to award fees or costs. Plaintiff relies on *Fernandez v. 23676 Malibu Road, LLC,* 74 F.4ᵗʰ 1061 (9th Cir. 2023).

In *Fernandez* the plaintiff, who had paraplegia and used a wheelchair, brought an action against a lighting and design store alleging that he visited the store in November 2020 and the store did not comply with the ADA because its aisles were too narrow. 74 F.4th at 1063. The defendants moved for summary judgment on the grounds that in November 2020 the store was open to the public only by appointment and no client in a wheelchair had an appointment at the store that month. The plaintiff did not submit any evidence "showing that he visited defendants' store or had actual knowledge of any ADA violation, nor did he file a declaration contesting [the owner's] declaration" that no client in a wheelchair had an appointment in November 2020. *Id.* The district court granted the defendants' motion for summary judgment on the basis that the

plaintiff failed to establish that he had "standing to sue under the ADA." *Id.* The defendants sought attorney fees pursuant to 42 U.S.C. § 12205 and asserted the plaintiff's claims "were frivolous because [the plaintiff] did not visit the store." *Id.* The district court found that the plaintiff's claims were frivolous and granted the defendants' request for attorney fees. The plaintiff appealed the award of attorney fees and asserted that his "lawsuit was not frivolous." *Id.* The Ninth Circuit reversed the award of attorney fees on the basis that "[t]he district court lacked jurisdiction to award defendants attorneys' fees under the ADA's fee provision after it dismissed [the plaintiff's] underlying ADA claim for lack of standing." *Id.* The Ninth Circuit noted that when "a plaintiff fails to establish standing, a court has 'no jurisdiction to hear the case.'" *Id.* at 1064 (quoting *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007) (per curiam)). "And '[a] court that lacks jurisdiction . . . lacks the authority to award attorneys' fees.'" *Id.* (quoting *Skaff*, 506 F.3d at 837; and citing *Diamond v. Charles*, 476 U.S. 54, 69-71 (1986)(holding that a party's interest in a fee award is by itself insufficient to confer standing)). The Ninth Circuit recognized there is an exception to this when "'the statute under which a party seeks attorney's fees contains an independent grant of jurisdiction,'" *Id.* (quoting *Latch v. United States*, 842 F.2d 1031, 1033 (9th Cir. 1988)(per curiam)). The Ninth Circuit found, however, that "the ADA's fee provision does not independently confer jurisdiction." *Id.* The Ninth Circuit noted that the ADA differs from statutes that it "has found independently confer jurisdiction to award fees or costs" such as 28 U.S.C. § 1919 and 28 U.S.C. § 1447(c). *Id.* "[T]he ADA is primarily substantive and states only that the court 'may allow the prevailing party . . . a reasonable attorney's fee.' 42 U.S.C. § 12205. The statute says nothing about permitting such awards when a case is dismissed on jurisdictional grounds." *Id.* In contrast, 28 U.S.C. § 1919 states: "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction,

4 – OPINION & ORDER

such court may order the payment of just costs." Similarly, 28 U.S.C. § 1447(c) provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees." These statutes "provide an independent basis for awarding costs or fees even if the court lacks jurisdiction over the merits of the underlying action . . . and . . . are exclusively non-substantive - they give the parties no rights outside of litigation." *Id.* (citing *In re Knight,* 207 F.3d 1115, 1117 (9th Cir. 2000)). The Ninth Circuit, therefore, made "explicit what [it had] implicitly recognized in [its] prior decisions": "A court that dismisses an ADA claim for lack of standing also lacks jurisdiction to award attorneys' fees under the ADA's fee provision, 42 U.S.C. § 12205." *Id.*

This Court granted Defendant's Motion for Summary Judgment on the basis that Plaintiff did not establish that she had standing to pursue this action. Defendant, like the defendant in *Fernandez*, seeks attorney fees and costs only under 42 U.S.C. § 12205.[1] Thus, the Court concludes pursuant to *Fernandez* that it lacks jurisdiction to award Defendant attorney fees and costs pursuant to § 12205. Accordingly, the Court denies Defendant's Motion for An Award of Attorney Fees and Costs.

## CONCLUSION

The Court DENIES Defendant Randy LL Corporation's Motion for An Award of

---

[1] Defendant has also filed a Motion for Sanctions Against Jessica Molligan in which it seeks attorney fees and costs pursuant to Rule 11 and 28 U.S.C. § 1927. The Court addresses that Motion in a separate Opinion and Order.

5 – OPINION & ORDER

Attorney Fees and Costs, ECF 60.

IT IS SO ORDERED.

DATED: May 6, 2025.

                                                MARCO A. HERNÁNDEZ
                                                United States Senior District Judge

6 – OPINION & ORDER